IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
) CASE NO. BK14-80062
ALTON R. TURMAN, JR., and ) A14-8035
LESLEY L. ROUBICEK-TURMAN, )
) CHAPTER 13
Debtor(s). )
ALTON R. TURMAN, JR. and )
LESLEY L. ROUBICEK-TURMAN, )
)
Plaintiffs, )
)
vs. )
)
PINNACLE BANK, )
)
Defendant. )

## ORDER

This matter is before the court on the plaintiff-debtors' motion for summary judgment (Fil. No. 15). No objection was filed. Wesley H. Bain, Jr., represents the debtors. No appearance has been made for the defendant. Evidence was filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

This adversary proceeding was filed to avoid a junior lien on the debtors' real property.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as Lot 258, Applewood Heights, an addition to the City of Omaha, Douglas County, Nebraska, commonly known as 6628 South 107th Circle, Omaha, Nebraska 68127.

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. According to the debtors' bankruptcy schedules, Bank of America holds the first lien against the real property in the approximate amount of $206,023 by virtue of a mortgage taken out in April 2005.

5. Pinnacle Bank holds a second lien against the property in the approximate amount of $31,567.97 by virtue of a deed of trust recorded on September 2, 2005.

6. Based on a market analysis conducted at the debtors' request in December 2013, the property is valued between $175,000 and $190,000.

7. Upon information and belief, the second lien is wholly unsecured.

8. The plaintiffs filed this adversary complaint on September 3, 2014.

9. Summons and the complaint were served on April 9, 2015, on the defendant's president, vice-president, and attorney.

10. The time for filing an answer or other response expired on May 9, 2015.

11. No answer or other response has been filed or served by the defendant.

The Eighth Circuit Court of Appeals has concurred with the seven other circuit courts that have addressed the issue in deciding that a wholly unsecured junior lien may be stripped off and avoided upon a debtor's Chapter 13 discharge. *Minnesota Housing Fin. Agency v. Schmidt (In re Schmidt)*, 765 F.3d 877 (8th Cir. 2014).

The court explained that the anti-modification protections provided to secured creditors by 11 U.S.C. § 1322(b)(2) apply only when the creditor's lien actually has some value, drawing a distinction between under-secured liens and liens without any value whatsoever. "'Section 1322(b)(2) protects a creditor's rights in a mortgage lien only where the debtor's residence retains enough value – after accounting for other encumbrances that have priority over the lien – so that the lien is at least partially secured under Section 506(a).'" *Id.* at 881-82 (quoting *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126 (2d Cir. 2001)). When "the creditor's claim is wholly unsecured, then the reasoning of *Nobelman [v. American Sav. Bank*, 508 U.S. 324 (1993) (prohibiting stripping of partially secured liens)] does not preclude modifying the creditor's rights under § 1322(b)(2)." *Id.* at 882. A wholly unsecured creditor does not hold a claim secured by the debtor's residence, so the anti-modification provision does not apply. *Id.* (citing *McDonald v. Master Fin'l, Inc. (In re McDonald)*, 205 F.3d 606, 612 (3d Cir. 2000)). Accordingly, Chapter 13 debtors may strip off the lien of a junior lienholder where there is no equity securing the security interest in the property.[1]

In the present case, there is no dispute that the second lien is wholly unsecured. Accordingly, it may be stripped off.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary

---

[1]This case is unaffected by the recent United States Supreme Court decision of *Bank of America, N.A. v. Caulkett*, ___ U.S. ___, 2015 WL 2464049 (June 1, 2015) (holding that Chapter 7 debtors may not strip off wholly unsecured liens), because *Caulkett* applies only to Chapter 7 cases. *Id.* at *5; *Green Tree Servicing, LLC v. Wilson (In re Wilson)*, Case No. 14–CV–9543 (CS), 2015 WL 3561476 at *6 n.10 (S.D.N.Y. June 5, 2015).

proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

      To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

      There are no material facts in dispute here. The debtors may strip off the wholly unsecured junior lien held by Pinnacle Bank for the purposes of the Chapter 13 plan. However, the lien shall not be avoided until the plaintiffs complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, the lienholder would continue to hold a valid and unavoided lien secured by the plaintiffs' residential real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the plaintiffs successfully complete the Chapter 13 plan.

      IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. No. 15) is granted. Separate judgment will be entered.

      DATED: June 12, 2015.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Wesley H. Bain, Jr.
    U.S. Trustee
    Kathleen Laughlin, Chp. 13 Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.